IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUCKER HOLDING, INC as ) | |
| Trustee on behalf of CHICAGO TITLE AND ) | |
| TRUST #8002385482 dated February 26, 2021 ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| VILLAGE OF DOLTON, an Illinois Municipal ) | |
| Corporation, TIFFANY A. HENYARD, individually ) | |
| And in her official capacity as Village Mayor, KEITH ) | |
| FREEMAN, individually and in his official ) | |
| Capacity as Village Administrator, SAMYSHA ) | |
| WILLIAMS, individually and in her official capacity as ) | |
| Director of Permits and Licensing ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, RUCKER HOLDINGS, INC. ("Rucker" or "Plaintiff"), a limited liability

company duly licensed in the State of Illinois, by its attorneys Law Office of Keith L. Spence,

Ltd., and for its Complaint against Defendant's Samysha Williams individually and in her

official capacity as Director of Buildings of the Village of Dolton and the Village of Dolton a

municipal corporation ("Defendants"), alleges as follows:

## NATURE OF ACTION

1.      This is an action under Sections 1981, 1983 and 1985 of the United States

Code to correct unlawful practices and individualized animus and to provide appropriate

relief to Rucker Holdings, Inc. ("Rucker") for having been and continuing to be subjected

to denial of the enjoyment  of land in violation of equal protection and due process rights

guaranteed under the Fourteenth Amendment to the U.S. Constitution.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343,and 1345. The unlawful practices alleged below were committed in Cook County, Illinois, a county within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

3.    Venue is proper under 28 U.S.C. Sec. 1,391(b) in that all of the alleged acts occurred and all parties reside or resided within the S t of/Illinois, County of Cook, at all relevant times.

## PARTIES

4.    Plaintiff is an Illinois limited liability company that owns a parcel of real estate commonly know as 14143-14145 Chicago Avenue, Dolton, IL (the "Site").

5.    Defendant Tiffany Henyard ("Henyard") was the duly elected mayor of the Village of Dolton, 14122, Martin Luther King Jr. Drive, Dolton, Illinois, and was the chief executive officer of the Village of Dolton at all relevant times referenced herein. From January 2022 through the filing of this Complaint, Henyard engaged in the conduct complained of in the course and scope of her employment and is sued in her individual and official capacity. Henyard engaged in a pattern of intimidation, coercion and control causing the wrongful denial of Plaintiff's business permits and the peaceful use and enjoyment of

Plaintiffs property and property rights in violation of Plaintiff's Constitutional rights.

6.      Defendant Samysha Williams ("Williams") is the Director of Permits and Licensing for the Village of Dolton and is employed by the Village to carry out duties and responsibilities of that office as provided in the Municipal Code of the Village of Dolton (the "Municipal Code")

the Department of Permits and Licensing is a department of the Village charged under the Municipal Code, inter alia, with reviewing applications for zoning and permits. Williams sanctioned, condoned or participated in the pattern of intimidation causing the wrongful denial of Plaintiff's business permits and peaceful use and enjoyment of Plaintiff's property and property rights in violation of its rights guaranteed under the U.S. and Illinois Constitutions.

7. Defendant Keith Freeman("Freeman") is the duly appointed Village Administrator of the Village of Dolton, and held this position at all relevant times referenced herein. From January 2022 through the present, Freeman engaged in the conduct complained of in the course and scope of his duties as Dolton Village Administrator and is being sued in his individual and official capacity. Freeman sanctioned, condoned and ratified a pattern of intimidation and coercion causing the wrongful denial of Plaintiff's business licenses and peaceful use and enjoyment of Plaintiffs property and property rights in violation of Plaintiff's Constitutional rights.

8. Defendant Village of Dolton is an Illinois municipal corporation and as such is responsible for the policies, practices and customs of Dolton's administrative offices, directors and employees as well as those of the Mayor, the Clerk and their respective offices. The Village of Dolton was and or is the employer of each of the Defendants. The Village of Dolton is responsible for the acts of the Defendant Mayor, the Defendant Clerk, and Defendants Administrator.

9. At all times relevant to this action, each of the named defendants acted in the scope of employment, and under the color of the laws, regulations and customs of the State of Illinois. Each defendant's actions constituted "state action" as defined under federal law.

3

**STATEMENT OF FACTS**

10. Plaintiff incorporates the allegations in paragraph 1 through 9 as the allegations of this paragraph 10.

11. In or about January 2022, Plaintiff was granted a license by the Village to operate a business in the form of a cigar lounge at the Site located at 14143-14145 Chicago Avenue, Dolton, IL.

12. Plaintiff, based on this license, expended substantial funds remodeling the Site in preparation for operating the business as licensed.

13. Over the course of several months, Defendant's have frustrated Plaintiff's purpose for the Site by failing to grant necessary electrical permits and arbitrarily alleging that the Site is connected by a foundation with another building (14147 Chicago Ave.) which would be in violation of the Municipal Code.

14. The buildings in fact do not share a common foundation and were built 59 years apart.[1]

15. The business Plaintiff seeks to operate at the Site is in compliance with Village Municipal Code Ordinance No. 21-029 and is licensed for use as a cigar lounge.

16. Plaintiff has incurred hundreds of thousands of dollars in expenses in order to develop the Site in accordance with the Municipal Code and approved plans. For example, architects have prepared detailed drawings for the Site, including interior layout and exterior design of the building.

17. Plaintiff is and at all times relevant has been ready, willing and able to finish construction on the building in accordance with approved plans and the Municipal Code.

---

[1] The building located at 14143-14145 Chicago Ave. was built in 1940 while the building located at 14147 Chicago Ave. was built in 1881.

18. Defendant's refusal to issue all proper permits and licensing lacks any basis in fact and is without any justification in law and is in violation of the Municipal Code.

19. Given the foregoing, the issuance of an electrical and other permits was a mandatory act required of the Village, Mayor and Director of Permits and Licensing and in no way was a discretionary act. Defendant's refusal to issue all permits and licenses was a violation of a duty imposed by law on the Director of Permits and Licensing and a violation of property and due process rights.

20. The Village's arbitrary and capricious refusal to issue the aforesaid permits and licenses in accordance with the existing provisions of the Municipal Code caused and continues to cause Plaintiff great financial hardship and substantially interferes with its fundamental Constitutional property rights.

21. At all relevant times, Plaintiff proceeded in conformance with the laws of the State of Illinois, County of Cook and the Village's Municipal Code and had a clear legal right to the issuance of said electrical permits and other permits to complete the project according to the approved plans.

22. The Village nonetheless refuses and states it will continue to refuse to issue all necessary permits to operate Plaintiff's business as approved unless certain unrelated appointments are made to its board.

23. Defendants have no valid reason nor discretionary power or authority to refuse to issue all necessary permits as all plans are in accordance with the Municipal Code and the Site does not sit on a common foundation as alleged.

24. The aforesaid actions and inactions of Defendants deprive Plaintiff of its property without due process of law in violation of the constitutional guarantees under the U.S. Constitution

of the Constitution of the State of Illinois, which provides that no person shall be deprived of property without due process of law, that no person shall be denied equal protection of the law, and that private property shall not be infringed without justification and compensation and is otherwise in violation of Plaintiff's fundamental property rights.

25. Defendants, and all of them, are depriving Rucker of its property rights as identified in Ordinance No. 21-029 which was duly adopted and voted upon on November 5, 2021.

## COUNT I - DEPRIVATION OF DUE PROCESS VIA 42 U.S.C. § 1983

26. Rucker repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1-24 as if fully set forth herein.

27. Defendants, and all of them, individually and jointly, caused the wrongful denial of Plaintiff's lawful use and enjoyment of property rights by depriving it of its constitutionally guaranteed right to due process under the Fourteenth Amendment to the U.S. Constitution.

28. Defendants the Village of Dolton, Henyard, Williams and Freeman as Dolton's policy makers were the moving forces behind the deprivation of Plaintiff's Constitutional rights and resulting injuries. The actions of Defendants the Village of Dolton, Henyard, Williams and Freeman in depriving Plaintiff of its Fourteenth Amendment rights and in denying due process under the law were the direct and proximate cause of Plaintiffs loss.

29. As a result of the aforementioned violations of Ruckers' right to due process by the Village of Dolton, Henyard, Williams and Freeman, Rucker suffered, and will likely continue to suffer, grievous harm including, without limitation, loss of use of the property, substantial loss of income, loss of earnings and loss of the enjoyment of the property.

WHEREFORE, Rucker demands judgment against all Defendants and for all legal and equitable relief available pursuant Section 1983, including attorneys' fees, actual and punitive damages where available, litigation expenses and cost of suit.

## COUNT II - DEPRIVATION OF EQUAL PROTECTION VIA 42 U.S.C. § 1983

30.     Ruker repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1-28 as if fully set forth herein.

31.     Rucker should have enjoyed the same rights and privileges as available to all citizens equally as guaranteed in the United States Constitution.

32. The Equal Protection Clause of the 14th Amendment requires the Village to govern impartially and not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective.

33.    Defendants, individually and collectively, refused to provide Rucker with electrical and other permits necessary to open and operate its business due to their desire to have an individual replaced on their board.

34.    Defendants did not have lawful authority from any source to deny Rucker an electrical permit as applied for.

35.    Defendants' refusal to issue the permits to Rucker was due to its owner's refusal to adhere to the Villages' demands and intimidation.

36.    Defendants acted under color of law in depriving Rucker of its Fourteenth Amendment right to equal protection as secured by the Constitution of the United States.

37.     As a result of the aforementioned intentionally discriminatory acts of the Village, Henyard, Williams and Freeman, Rucker suffered, and will likely continue to suffer, grievous harm including, without limitation, loss of use of the property, substantial loss of

income, loss of earnings and loss of the enjoyment of the property.

WHEREFORE, Rucker demands judgment against all Defendants and for all legal and equitable relief available pursuant Section 1983, including attorneys' fees, punitive damages where available, litigation expenses and cost of suit.

## COUNT III-MONELL  CLAIM

38. That Rucker repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1-36 as if fully set forth herein.

39. The aforementioned acts of intimidation, coercion and violation of· Rucker's Constitutional rights was part of a custom, policy and practice espoused by Defendants, all of whom were policymakers at the Village of Dolton.

40. As a result of employing the custom, policy and practice espoused by Defendant policymakers, Rucker suffered, and will likely continue to suffer grievous harm including, without  limitation, loss of use of the property, substantial  loss of income, loss of earnings and loss of the enjoyment of the property.

WHEREFORE, Rucker demands judgment against all Defendants and for all legal and equitable relief available pursuant Section 1983, including attorneys' fees, punitive damages where available, litigation expenses and cost of suit.

## COUNT IV-WRIT OF MANDAMUS

41. Plaintiff incorporates the allegations in paragraph 1 through 39 as the allegations of this paragraph 40.

42. The business Plaintiff seeks to operate at the Site is in compliance with Village Municipal Code Ordinance No. 21-029 and is licensed for use as a cigar lounge.

43. Plaintiff has incurred hundreds of thousands of dollars in expenses in order to develop the Site in accordance with the Municipal Code. For example, architects have prepared detailed drawings for the Site, including interior layout and exterior design of the building.

44. Plaintiff is and at all times relevant has been ready, willing and able to finish construction on the building in accordance with the Municipal Code.

45. Defendant's refusal to issue all proper permits and licensing lacks any basis in fact and is without any justification in law and is in violation of the Municipal Code.

46. Given the foregoing, the issuance of a electrical and other permits was a mandatory act required of the Director of Permits and Licensing and in no way was a discretionary act. Defendant's refusal to issue all permits and licenses was a violation of a duty imposed by law on the Director of Permits and Licensing.

47. The Village's arbitrary and capricious refusal to issue the aforesaid permits and licenses in accordance with the existing provisions of the Municipal Code caused and continues to cause Plaintiff great financial hardship and substantially interferes with its fundamental property rights.

48. At all relevant times, Plaintiff proceeded in conformance with the laws of the State of Illinois, County of Cook and the Village's Municipal Code and had a clear legal right to the issuance of said electrical permits and other licenses to complete the project according to the approved plans.

49. The Village nonetheless refuses and states it will continue to refuse to issue all necessary permits to operate Plaintiff's business as approved.

50. Defendants have no valid reason nor discretionary power or authority to refuse to issue all necessary permits as all plans are in accordance with the Municipal Code and the Site does not sit on a common foundation as alleged.

51. The aforesaid actions and inactions of Defendants deprive Plaintiff of its property without due process of law in violation of the constitutional guarantees under Section 2 of Article I of the Constitution of the State of Illinois, which provides that no person shall be deprived of property without due process of law, that no person shall be denied equal protection of the law, and that private property shall not be infringed without justification and compensation and is otherwise in violation of Plaintiff's fundamental property rights.

WHEREFORE, Plaintiff prays for judgment in its favor and the following relief:

a. A writ of mandamus commanding the Director of Permits and Licensing of the Village of Dolton to issue all necessary permits, including electrical permits, and allow it to open and operate as intended in compliance with the Municipal Code including Ordinance 21-029.

b. An order enjoining the Village and its agents and employees from further harassing, and taking arbitrary and capricious enforcement action of the Municipal Code as it relates to the operation of cigar lounges.

c. Such other and further relief as the court deems just and proper.

Respectfully submitted

By: *Keith L. Spence*
Attorney for Plaintiff
Law Office of Keith L. Spence, Ltd.
4749 Lincoln Mall Dr. Ste. 202
Matteson, IL 60443
708-584-8012
Attyspence@gmail.com

Attorney No. 6257659